IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN PLANETA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-179-B |
| | § | |
| CHARLES EDGE and GAYLE SIMS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendants Charles Edge and Gayle Sims have filed a motion for protective order and to stay discovery. *See* Dkt. No. 21. District Judge Jane J. Boyle referred the motion to the undersigned magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 28.

For the reasons explained below, Defendants' Motion for Protection [Dkt. No. 21] should be granted, discovery should be stayed, and the Court should direct Defendants to file a motion for summary judgment solely on the issue of qualified immunity. After Defendants file their motion for summary judgment, the Court should issue a further order setting forth procedures and deadlines for any request for limited discovery on the issue of qualified immunity and for Plaintiff's response to Defendants' motion for summary judgment.

**Background**

Plaintiff filed this lawsuit asserting claims against Defendants under 42 U.S.C. § 1983. *See* Dkt. No. 1. On March 11, 2014, Defendants filed a motion to dismiss, or,

in the alternative, motion for summary judgment and raised the affirmative defense of qualified immunity along with other unrelated arguments on the merits of Plaintiff's claims. *See* Dkt. No. 9. Plaintiff then filed a Federal Rule of Civil Procedure 56(d) motion requesting that the Court defer considering Defendants' motion or deny it. *See* Dkt. No. 15.

The Court denied both motions without prejudice because United States District Judge Jane J. Boyle found that the parties' motion practice "placed the 'cart before the horse,'" complicating the issue of qualified immunity. Dkt. No. 22. Judge Boyle referred Defendant's motion for protective order to the undersigned so that it could be determined in the first instance. *See* Dkt. No. 28.

Defendants seek a protective order and an order staying discovery, including the written discovery served on Defendants in this lawsuit. *See* Dkt. No. 21. Plaintiff generally contends that he requires discovery in order to respond fully to Defendants' qualified immunity defense. *See* Dkt. No. 24.

### Legal Standards and Analysis

It is well settled that a qualified immunity defense should be decided before traditional discovery proceeds in a case. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation"). And generally discovery should be stayed pending a ruling on a dispositive motion to decide qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009); *Wicks v. Miss. State Employees Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys.*

-2-

*Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at \*4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion); *see generally Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014)*; Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987).

But the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994. On a proper request, the Court may authorize Plaintiff to conduct limited discovery in order to respond to the qualified immunity issues raised in a defendant's dispositive motion. *See generally Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense.").

Here, as Judge Boyle observed, Defendants have raised issues apart from their qualified immunity defense, Plaintiff has requested written discovery and sought a Rule 56(d) denial of the summary judgment motion, and the procedural posture of the case has become unwieldy. The undersigned believes that Defendants' qualified immunity defense must be considered on an expedited basis. Once Defendants' raise this defense in a proper summary judgment motion limited to the qualified immunity issue, Plaintiff's request for limited discovery on the issue of qualified immunity should be considered, as contemplated by the procedure established by the Fifth Circuit. *See Backe*, 691 F.3d at 648.

Accordingly, Defendants should be directed to file a motion for summary judgment limited to the issue of qualified immunity. After Defendants file their motion for summary judgment, the Court should issue a further order setting forth procedures and deadlines for a request for limited discovery on the issue of qualified immunity in light of Defendants' summary judgment motion. If the Court determines that Plaintiff has plead specific facts that both allow the Court to draw the reasonable inference that the Defendants are liable for the harm he has alleged and that would defeat a qualified immunity defense with equal specificity, and if the court remains "unable to rule on the immunity defense without further clarification of the facts," it should issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Lion Boulos,* 834 F.2d at 507-08. The Court should then issue an order directing Plaintiff to respond to Defendants' motion for summary judgment.

## Conclusion

Defendants' Motion for Protection [Dkt. No. 21] should be granted, all discovery should be stayed, and the Court should direct Defendants to file a motion for summary judgment on the sole issue of qualified immunity. After Defendants file their motion for summary judgment, the Court should issue a further order setting forth procedures and deadlines for any request for limited discovery on the issue of qualified immunity and for Plaintiff's response to Defendants' motion for summary judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE